UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEACH TERRACE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                      Case No.: 8:15-cv-1117-T-33TBM

GOLDRING INVESTMENTS, INC., and
ROCCO SANTOMENNO,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Beach Terrace Condominium Association, Inc.'s Motion For Remand (Doc. # 12), filed on May 20, 2015. Defendants Goldring Investments, Inc. and Rocco Santomenno filed a Response (Doc. # 17) on May 29, 2015. For the reasons stated at the oral argument held on June 16, 2015, and for the reasons set forth below, the Court grants the Motion.

**I.    Background**

On March 27, 2015, Beach Terrace filed a Complaint in Sarasota County State Court, which alleged the following counts:

    A. Petition for declaratory relief against Goldring Investments;

    B. Complaint for discharge of fraudulent lien;

    C. Petition for declaratory relief against Rocco Santomenno; and

1

   D. Discharge of Santomenno's construction lien under Florida Statutes § 713.24(4).

(Doc. # 2).

The Complaint asserts that Beach Terrace is a Florida corporation operating as a condominium association in Sarasota County, Florida. (Id. at ¶ 2). The Complaint also alleges that Goldring is a New Jersey Corporation "with a principle address of 5400 Ocean Blvd. Unit 4-4, Sarasota, Florida" (Id. at ¶ 3), and that Santomenno is a New Jersey "resident" but transacts business in Florida. (Id. at ¶ 5).

On May 8, 2015, Goldring and Santomenno removed this action to this Court based on diversity jurisdiction. (Doc. # 1). On May 20, 2015, Beach Terrace moved to remand to State Court, alleging lack of complete diversity between the parties. (Doc. # 12 at ¶ 1). On May 29, 2015, Goldring and Santomenno filed a Response to the Motion to Remand (Doc. # 17), along with Santomenno's Supplemental Affidavit further claiming that both Defendants are citizens of New Jersey. (Doc. # 17-1). On June 1, 2015, with leave of Court, Beach Terrace filed an Amended Complaint. (Doc. # 20).

## II. Legal Standard

A defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District Courts have original jurisdiction over

2

all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).¹  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "All doubts about jurisdiction should be resolved in favor of remand to the state court." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999).

"Diversity is determined when the suit is instituted, not when the cause of action arose." <u>Jones v. Law Firm of Hill and Ponton</u>, 141 F. Supp. 2d 1349, 1354-55 (M.D. Fla. 2001).  Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. <u>Palmer v. Hosp. Auth. of Randolph County</u>, 22 F.3d 1559, 1564 (11th Cir. 1994).

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The principal place of business refers to "where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's 'nerve center.'" <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 92-93 (2010).  An individual's state citizenship, or domicile, is determined by two factors:

---

¹ Here, neither party disputes that the amount in controversy requirement for diversity jurisdiction was met, as the declaratory relief sought involves damages from a prior action in the amount of $423,969.97. (Doc. # 2 at ¶ 16).

3

residence and intention to remain indefinitely. Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd sub nom., Las Vistas Villas v. Petersen, 13 F.3d 409 (11th Cir. 1994). A person can reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). But there is a presumption that "the state in which a person resides at any given time is also that person's domicile." Jones, 141 F. Supp. 2d at 1355 (citing District of Columbia v. Murphy, 314 U.S. 441, 455 (1941); Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)).

Here, the primary controversy involves the citizenship of the Defendants Goldring and Santomenno. The parties dispute Goldring's citizenship with respect to its principal place of business, as well as Santomenno's state of citizenship.

**III. Analysis**

Beach Terrace argues that because Goldring and Santomenno failed to establish complete diversity, the Court lacks subject matter jurisdiction and should remand the case to the State Court. Beach Terrace supports its claim by attaching multiple exhibits to its Complaint and its Motion to Remand. Among these exhibits are Goldring's "Sunbiz" Report (Doc. # 2 at 16) and Foreign Profit Corporation Annual Report (Doc. # 12-1), each indicating that Goldring's principal place of business is in Florida.

Similarly, the exhibits show that Santomenno attested in corporate filings and in a Construction Lien that his address was located in Florida. Santomenno also identifies himself as the "President, Treasurer, and Secretary of Goldring." (Doc. # 17-1 at ¶ 2). Beach Terrace claims that despite Santomenno's Affadavit, which states "I am a resident and citizen of New Jersey" (Id. at ¶ 4), the Affidavit itself was filed in Florida, defending a Florida property involving Florida business activities. Beach Terrace asserts that the Affidavit is self-serving and that the greater weight of evidence supports granting the Motion to Remand.

In response, Goldring and Santomenno contend that the Motion to Remand should be denied, relying primarily on the "nerve center" test and Santomenno's Supplemental Affidavit to establish their New Jersey citizenships. (Doc. # 17 at ¶ 5). Goldring and Santomenno argue that "a few isolated transactions" in Florida do not make the state Goldring's principal place of business. (Id. at ¶ 10). Santomenno's Supplemental Affidavit states that New Jersey is Goldring's principal place of business, the location of Goldring's headquarters, and the state where "the large majority of business activity" for Goldring occurs. (Doc. # 17-1 ¶ 8).

Santomenno's Supplemental Affidavit also states his mental intention to remain indefinitely in New Jersey to support his citizenship in that State. (Id. at ¶ 4). Santomenno's use of the Florida addresses for business does not impact his New Jersey

5

citizenship. Goldring and Santomenno thus argue that complete diversity is satisfied, as both Defendants are citizens of New Jersey and diverse from Beach Terrace.

Here, it is undisputed that Plaintiff Beach Terrace is a Florida corporation with its principal place of business in Florida. The dispute concerns whether Defendant Goldring, a New Jersey corporation, is effectively a Florida citizen with respect to diversity based on its principal place of business. Beach Terrace argues that Goldring has its principal place of business in Florida by virtue of its attestations and activity, making Goldring a Florida citizen. Beach Terrace also claims that Santomenno is domiciled in Florida, making Santomenno a Florida citizen. Therefore, Beach Terrace asserts that complete diversity cannot be established as neither Goldring nor Santomenno are diverse from Beach Terrace.

Goldring and Santomenno's arguments are unconvincing. While they applied the nerve center test to argue that Goldring's principal place of business is in New Jersey, both the Sunbiz Report and the Foreign Profit Corporation Annual Report show that Santomenno, as an officer of Goldring, reported Goldring's principal address to be Florida. Defendants assert that Goldring's business activities in Florida are limited to "a few isolated transactions" (Doc. # 17 ¶ 10), and do not make Florida the corporation's principal place of business. However, their

6

assertions are belied by the official reports filed in Florida with the Secretary of State and signed by Santomenno on behalf of Goldring. These Sunbiz Reports and Foreign Profit Corporation Annual Reports reveal that Goldring has represented that its principal place of business is in Sarasota, Florida since 2000. Because doubts about propriety of removal are resolved in favor of remand, Goldring and Santomenno did not sufficiently show Goldring's foreign citizenship to support finding complete diversity.

Compared to Goldring, Santomenno has an arguably stronger claim for New Jersey citizenship. Santomenno's citizenship is determined based on residence and his intention to remain in a state. Santomenno's Supplemental Affidavit states that he is a resident and citizen of New Jersey and that he intends to remain there indefinitely. (Doc. # 17-1 at ¶ 4). However, Beach Terrace points to a Florida address for Santomenno (8 Cedar Court, Palm Coast, Florida) and has shown that Santomenno's construction lien was filed in Florida. But that does not necessarily divest him his New Jersey citizenship. Defendants failed to demonstrate that Goldring is diverse from Beach Terrace, which deprives this Court of diversity jurisdiction. Therefore, it is not necessary to make a final determination regarding Santomenno's citizenship. Because the requirements of complete diversity are not met, this Court lacks subject matter jurisdiction and remand is required. See 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Based on Defendants' failure to establish the requirements of complete diversity of citizenship, the Court grants the Motion to Remand.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Remand to State Court (Doc. # 12) is **GRANTED** because the Court lacks subject matter jurisdiction over this case.

(2) The Clerk is directed to **REMAND** the case to State Court. After remand has been effected, the Clerk shall **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of June, 2015.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record

8