```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

BEACH TERRACE CONDOMINIUM
ASSOCIATION, INC.,

           Plaintiff,
v.                                    CASE NO.: 8:15-cv-1117-T-33TBM

GOLDRING INVESTMENTS, INC.,
ET. AL.,

           Defendants.
_____/
```

**ORDER**

This matter is before the Court pursuant to Plaintiff Beach Terrace Condominium Association, Inc.'s Motion for Attorneys Fees and Costs (Doc. # 33), filed on June 25, 2015. The Court denies the Motion for the reasons that follow.

**Discussion**

Beach Terrace filed an action against Defendants Goldring Investments, Inc. and Rocco Santomenno in Sarasota County State Court on March 27, 2015. (Doc. # 2). Defendants removed the action to this Court on May 8, 2015, predicating the Court's exercise of subject matter jurisdiction on complete diversity of citizenship. (Doc. # 1). Beach Terrace filed a Motion to Remand on May 20, 2015 (Doc. # 12), to which Defendants responded on May 29, 2015 (Doc. # 17). Beach Terrace acknowledged that the $75,000.00 jurisdictional threshold was met, but asserted that the requirements of

1

diversity of citizenship were not satisfied. In particular, Beach Terrace, a Florida corporation, asserted that both Defendants are citizens of Florida.

The Court held oral argument on the Motion to Remand on June 16, 2015, and ultimately determined that it was appropriate to remand the case to state court. (Doc. # 31). Among other things, the Court considered various documents filed by Goldring with Florida's Secretary of State in which Goldring attested that its principal place of business is in Sarasota, Florida since 2000. Because "all doubts about jurisdiction should be resolved in favor of remand to state court," this Court granted the Motion to Remand on June 17, 2015. (Id. citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

At this juncture, Beach Terrace seeks an award of attorneys fees and costs based on its successful Motion to Remand. Beach Terrace correctly asserts that "[t]he granting of attorneys fees and costs under 28 U.S.C. Section 1147(c) is discretionary with the Court." (Doc. # 33 at 2).

The Supreme Court has held that "[a]bsent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005). The Court finds that Defendants had an

ultimately unsuccessful, but objectively reasonable, basis for removal.  Therefore, the Court declines to award Beach Terrace attorneys fees and costs for improper removal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Beach Terrace Condominium Association, Inc.'s Motion for Attorneys Fees and Costs (Doc. # 33) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of June, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

3