```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                             DIVISION
```

BEACH TERRACE CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,
v.
                          Case No. 8:15-cv-1117-T-33TBM
GOLDRING INVESTMENTS, ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants Rocco Santomenno and Goldring Investments, Inc.'s Motion for Reconsideration of the Court's Order on Plaintiff's Motion for Remand (Doc. # 36), which was filed on July 15, 2015. Plaintiff Beach Terrace Condominium Association, Inc. filed a Response in Opposition to the Motion for Reconsideration (Doc. # 37) on July 21, 2015. Defendants filed a Motion requesting leave to reply on July 23, 2015. (Doc. # 38). For the reasons that follow, the Court denies the Motion for Reconsideration and denies Defendants' request for leave to reply as moot.

**I.**    **Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when

the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id.  A Rule 59(e) motion must be filed within 28 days after the entry of the judgment.  Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b).  Here, the Motion for Reconsideration was filed within 28 days of the Court's Order granting the Motion to Remand, and the Court will accordingly analyze the Motion for Reconsideration under Rule 59(e).

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990).  Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id.  A motion for reconsideration, therefore, should not be used to present new arguments to the court, see Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997), or to "relitigate old matters." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to

induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. "A motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

**II. Analysis**

Beach Terrace, a Florida corporation with its principal place of business in Siesta Key, Florida filed suit against Gold Ring Investments, Inc. and Rocco Santomenno in state court on March 27, 2015. (Doc. # 2). In the Complaint, Beach Terrace sought declaratory relief as well as discharge of a fraudulent lien. (Id.). The Complaint described Santomenno as a New Jersey resident and Goldring Investments as a New Jersey

Corporation with its principal place of business in Sarasota, Florida. (Id. at ¶¶ 3, 5).

On May 8, 2015, Goldring and Santomenno removed this action to this Court based on diversity jurisdiction. (Doc. # 1). Beach Terrace sought remand on May 20, 2015, alleging a lack of complete diversity between the parties. (Doc. # 12). After Defendants responded to the Motion to Remand, the Court held a hearing and honed in on the disputed issue of Defendants' respective citizenships. (Doc. # 29). During the hearing, the Court was persuaded that Goldring was a citizen of Florida at the time the Complaint was filed and at the time of removal, inter alia, because Goldring's corporate documents, filed with the Florida Secretary of State, reflected a Florida address as Goldring's principal place of business. Those "Sunbiz" reports and Foreign Profit Corporation Annual Reports specifically represented (and have for the last 15 years) that Goldring's principal place of business was 5400 Ocean Boulevard, Apt. 4-4, Sarasota, Florida 34242. (Doc. # 12-1).

After giving the matter thoughtful attention and the benefit of a hearing, the Court granted Beach Terrace's Motion to Remand on June 17, 2015. (Doc. # 31). The Court noted that doubts about the propriety of removal are resolved in favor of remand and found that Defendants failed to demonstrate that

-4-

Goldring was a foreign corporation. The Court accordingly determined that the requirements of complete diversity were not satisfied. (Id. at 7).

At this juncture, Defendants seek an Order of reconsideration. (Doc. # 36). Defendants do not assert that there has been an intervening change in the law, nor do Defendants contend that reconsideration is required to prevent manifest injustice. Instead, Defendants argue that the existence of new evidence warrants an Order of reconsideration. That new evidence, Defendants posit, is Goldring's June 25, 2015, "Foreign Profit Corporation Amended Annual Report" (Doc. # 36 at 9), in which Goldring now designates its principal place of business as Fair Lawn, New Jersey. Defendants also present the affidavit of Santomenno, in which he states that Goldring's principal place of business "is, and has always been, in New Jersey." (Doc. # 36 at 10-12, ¶ 9).

Rather than "newly discovered" evidence, the amended corporate filing and affidavit, created post-removal and post-remand, is newly manufactured evidence. That Goldring has changed its designations on an official corporate form after the Court determined that the requirements for complete diversity were not satisfied is of no consequence. At the time the action was filed and at the time of removal, the

relevant corporate forms reflected that Goldring had its principal place of business in Florida. Remand was required because Beach Terrace is also a citizen of Florida. Post-remand changes of a corporation's citizenship do not justify reconsideration of the Court's remand Order. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570-71 (2004)("It has long been the case that the jurisdiction of the Court depends upon the state of things at the time the action [is] brought. This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure."). Because "all challenges to subject matter jurisdiction premised upon diversity of citizenship" are judged "against the state of facts that existed at the time of filing – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," the Motion for Reconsideration must be denied. Id. at 571.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Rocco Santomenno and Goldring Investments, Inc.'s Motion for Reconsideration of the Court's Order on Plaintiff's Motion for Remand (Doc. # 36) is **DENIED.**

(2) Rocco Santomenno and Goldring Investments, Inc.'s Motion for Leave to Reply (Doc. # 38) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of July, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record